UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

GOLDEN ORANGE TREE, LLC,  No. 12-10673

Debtor(s).
_____/

Memorandum on Application to Employ Professional
_____

While the court respects the right of a party to employ the attorney of its choice, the right is not unfettered in Chapter 11 bankruptcy cases. An order from the court approving the employment of counsel for a debtor in possession is required by § 327(a) of the Bankruptcy Code so that the court may know the type of individual who is engaged in the proceeding, his or integrity, experience in connection with work of this type, as well as his or her competency. *In re Hydrocarbon Chem., Inc.*, 411 F.2d 203, 205 (3d Cir.1969) (en banc).

In its standard status conference order, the court requires the debtor to disclose "any professional employed by the estate who does not have malpractice insurance." The court requires this disclosure because going without malpractice insurance is often an indication that counsel is not competent to handle complex matters such as Chapter 11 cases. While the court has no hard-and-fast rule, it rarely approves counsel to represent debtors in possession who do not have such insurance.

In response to the court's status conference order, attorney Diane Beall signed and filed a status conference statement which responded to the insurance disclosure inquiry by stating, "There is no plan

1

to hire any professional at this time." However, 17 days before this statement was filed Beall had filed an application to be employed as counsel for the debtor in possession and that application was still pending. At the status conference, the court asked Beall if she had malpractice insurance. When she said no, the court asked why she did not disclose this in her status conference statement. Beall said that she thought the requirement applied to other professionals, not her.

The court has reason to question the competence of Beall for other reasons, including the fact that she does not appear to have significant Chapter 11 experience and the fact that she thought malpractice insurance was for her benefit rather than the bankruptcy estate. However, the court is most disturbed by her lack of candor in the status conference statement. Either she sought to mislead the court or she did not have the basic understanding that counsel for a debtor in possession is a professional to be employed by the estate. Neither alternative reflects well on her.

The court finds that Beall has failed to demonstrate integrity, experience or competence. Accordingly, the application for approval of her employment will be denied. An appropriate order will be entered.

Dated: May 23, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

2